1  ROBERT W. FREEMAN
   Nevada Bar No. 3062
2  PAMELA L. MCGAHA
   Nevada Bar No. 8181
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   702.893.3383
5  FAX: 702.893.3789
        Attorneys for Defendant
6        American Family Mutual Insurance Company

7

8            **UNITED STATES DISTRICT COURT**

9              **DISTRICT OF NEVADA**

                      ***
10

11  WILLIAM J. SMITH,                    CASE NO: 2:13-cv-0551-JAD-NJK

            Plaintiff,                    **MOTION TO ENFORCE SETTLEMENT**
12

13      vs.

14  AMERICAN FAMILY MUTUAL
    INSURANCE COMPANY; DOES 1 though
15  10, inclusive,

16          Defendants.

17       Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY ("American

18  Family"), by and through its attorneys of record, the law firm Lewis Brisbois Bisgaard & Smith,

19  hereby moves this honorable Court for an Order enforcing the terms of the Confidential and

20  Binding High/Low Arbitration Agreement that the Plaintiff and Defendant entered into as a means

21  of resolving Plaintiff's claims which are the subject of this litigation.

22       This motion is made upon the attached memorandum of points and authorities, the

23  Declaration of Pamela L. McGaha filed concurrently herewith, the pleadings and papers on file

24  herein, and upon such oral argument as shall be allowed at the time of the hearing.

25  …

26  …

27  …

28  …

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-5487-2617.1

## PERTINENT PROCEDURAL BACKGROUND

Plaintiff filed his Complaint (A-13-676815-C) in the District Court, Clark County, Nevada on February 14, 2013. (See, Ex. A to Docket 1)[1]. The subject of Plaintiff's Complaint was an allegation that Defendant did not fully compensate Plaintiff under the underinsured motorist coverage ("UIM") of the insurance policy issued by Defendant. (Id. at 3:5-7). Defendant filed a petition for Removal Under 28 U.S.C. Sec. 1441 (B) (Diversity Jurisdiction) on April 1, 2013 (Doc. 1). Defendant filed an Answer on April 1, 2013. (Doc. 2).

Subsequent to discovery, Plaintiff and Defendant entered into a Confidential and Binding High/Low Arbitration Agreement ("Agreement") wherein the parties agreed that all of Plaintiff's claims alleged in the Complaint would be resolved by way of the Arbitrator's decision. (Ex. A, pg. 3, para. f and g). The Arbitrator's decision was agreed by the parties to be final and binding. (Id.). Plaintiff and Defendant entered into a Stipulation and Order for Private Binding Arbitration and To Stay Court Proceedings ("Stipulation on Agreement") on February 12, 2014, and the Stipulation on Agreement was filed with the court on February 13, 2014. (Doc. 18). Pursuant to the Stipulation on Agreement filed with this Court, the Arbitrator would render a decision regarding Plaintiff's claims, and the award from the Arbitrator would constitute a final determination of all causes of action set forth in Plaintiff's Complaint. (Id. at 2:3-4). Upon rendering the decision by the Arbitrator, the parties agreed to stipulate to dismiss this action, with prejudice, reserving to this Court the authority to enforce the Agreement. (Id. at 2:5-7).

The parties initially retained attorney Greg Hafen to serve as Arbitrator for this matter, but due to a subsequent conflict, the parties were required to retain another person to serve as Arbitrator. On April 6, 2015, the parties entered into an agreement with attorney Floyd Hale of JAMS that he would serve as the Arbitrator for this case. (Ex. B, Stipulation for Arbitration and Selection of Arbitrator). The Arbitration hearing went forward on May 12, 2015, and a Final

---

[1] The Court may take judicial notice of all documents filed in this case and of the docket. See Fed. R. Evid. 201; In re Henderson, 197 B.R. 147, 156 (Bankr. N.D. Ala. 1996) ("The court may take judicial notice of its own orders and of records in a case before the court, and of documents filed in another court.") (citations omitted); see also In re Penny, 243 B.R. 720, 723 n.2 (Bankr. W.D. Ark.2000).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-5487-2617.1                                            2

1  Arbitration Award was served on the parties on May 14, 2015. (Ex. C). Plaintiff was awarded a

2  total claim value of $54,376.75, which was subject to application of allowable offset of $20,000.

3  Thus, the final amount Defendant was required to pay, per the terms of the Agreement, was

4  $34,376.75.

5        Defendant has sought the cooperation of Plaintiff in confirming that Medicare has no

6  recovery rights to the proceeds from the Arbitration Award, so Defendant could issue the

7  settlement draft with the proper payees included on the settlement draft. To date, Plaintiff has not

8  provided this information despite repeated requests. Defendant could simply issue the settlement

9  draft including Medicare as a payee, but counsel for the parties understand this necessitates a

10  lengthy process for the Plaintiff to wait for the Medicare recovery system to advise it was not

11  seeking to recover any of the proceeds. Since counsel for the parties are in agreement that the

12  nature of the Final Award does not appear to include an award for damages related to any medical

13  treatment paid for by Medicare, but that Medicare had paid for medical expenses for which

14  Plaintiff was not awarded any damages, it was determined that confirmation by Plaintiff regarding

15  the Medicare status would be appropriate in this instance. (See Ex. D, Medicare Affidavit).

16        Defendant also provided a proposed Release and Indemnity Agreement ("Release") for

17  Plaintiff's signature as required under the Agreement. (Ex. A at pg. 6 para. 6). A copy of the

18  proposed Release is attached as Ex. E. The Agreement also required Plaintiff to execute a

19  dismissal with prejudice of his lawsuit ("SAO for Dismissal"). (Ex. A at pg. 6 para 4). The

20  Agreement requires Plaintiff to execute the Stipulation on Agreement, the Release and the SAO

21  for Dismissal. (Id. at pg. 7 para 11, pg. 8 para 19).

22        Despite numerous requests to Plaintiff to provide the Medicare information, it has not been

23  forthcoming. (Ex. F, letter to Plaintiff's counsel). Plaintiff has not advised Defendant of any

24  objection to providing the Medicare information, nor has Plaintiff provided any objection to the

25  language in the Release or the SAO for Dismissal. Accordingly, it appears Plaintiff is simply

26  dissatisfied with the amount of the Final Award issued in this matter. Thus, it became necessary

27  to file this motion. Defendant seeks an Order from this court to enforce the terms of the

28  Agreement.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-5487-2617.1                                 3

1

**FACTS**

2        This lawsuit arises from injuries Plaintiff alleged to have sustained in an accident that

3 occurred in California on the I-405 freeway.  Plaintiff recovered liability limits from the tortfeasor

4 involved in the accident, and received payment under the medical payment coverage of his policy.

5 Plaintiff also presented a UIM claim under his insurance coverage through Defendant.  Plaintiff

6 approximately 61 years old at the time of the accident and claimed medical expenses in excess of

7 $70,000, including expenses related to a hip surgery.  The value of his UIM claim was in dispute

8 and the parties agreed to resolve that dispute by way of a binding arbitration.

9

**DISCUSSION**

10        Nevada law provides for parties to enter into agreements which are binding on the parties

11 so long as the parties have agreed to all material terms.  Plaintiff and Defendant entered into an

12 enforceable Agreement which is binding upon the parties.  The material terms of the Agreement

13 were specifically stated in the Agreement with both sides having an opportunity to negotiate the

14 material terms of the Agreement.  The Agreement is signed and dated by Plaintiff and Defendant.

15 Accordingly, Plaintiff acknowledged the material terms of the Agreement to which he agreed to be

16 bound.

17        A mutual agreement to resolve Plaintiff's claims in binding arbitration is essentially a

18 settlement agreement, with objective terms of the agreement considered and negotiated by the

19 parties.  The parties were free to enter into an agreement to utilize a binding arbitration to settle

20 the claims which were the subject of Plaintiff's lawsuit.  The Agreement entered into by the

21 parties is a contract, and its construction and enforcement are governed by principles of contract

22 law." May v. Anderson, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005).  An offer and

23 acceptance, meeting of the minds, and consideration are basic principles of contract law.  Id.

24 When parties agree as to a contract's essential terms, it is evidence of a meeting of the minds.  Id.

25 In determining which terms of the contract are essential, the courts look to the agreement, the

26 context of the agreement, and the conduct of the parties subsequent to execution of the contract.

27 Id.  The "construction and enforcement of settlement agreements are governed by principles of

28 local law." Jones v. McDaniel, 717 F.3d 1062, 1067 (9th Cir. 2013) (internal quotation marks

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-5487-2617.1

4

1  omitted).  "Under Nevada law, 'a settlement agreement['s] construction and enforcement are

2  governed by principles of contract law.'" Id. (citing May v. Anderson, 121 Nev. 668, 119 P.3d

3  1254, 1257 (2005)).

4       In this case, the terms of the Agreement were definite and reasonably certain.  The

5  objective terms of the Agreement evidence a mutual understanding of the binding nature of the

6  Agreement.  Defendant promised to pay the amount of the Final Award, subject to offsets which

7  were spelled out in the Agreement, and Plaintiff agreed to accept same in full satisfaction of the

8  claims as alleged in his lawsuit.  Further, both parties agreed the terms of the Agreement were

9  final.  The Agreement does not provide that either party can repudiate the Agreement if the

10 amount of the Final Award was unsatisfactory.

11      Once the Agreement was executed, Plaintiff again acknowledged his acquiescence to the

12 terms of the Agreement upon filing the Stipulation on Agreement with this court.  (Doc. 18).

13 Further, the parties appeared at the arbitration hearing and presented their case to the Arbitrator.

14 There was no conduct subsequent to Plaintiff signing the Agreement which would evidence any

15 type of misunderstanding or mutual mistake as to the terms of the Agreement.  Plaintiff did not

16 dispute the terms of the Agreement prior to the arbitration hearing, or at the hearing.  Thus, the

17 objective evidence by Plaintiff's conduct is that Plaintiff understood the terms of the Agreement

18 and that he agreed the decision by the arbitrator would be a final adjudication of his claims.  The

19 objective terms of the Agreement and subsequent conduct of the parties evidenced mutual

20 promises exchanged by the parties which constitute sufficient consideration to enforce the

21 Agreement as a valid and binding contract.

22      Plaintiff has not provided Defendant with any basis upon which Plaintiff believes he is not

23 bound by the terms of the Agreement.  It appears Plaintiff may simply be dissatisfied with the

24 amount of the Final Award and is refusing to comply with the Agreement.  Without Plaintiff's

25 cooperation, this matter cannot be finalized and Defendant is unable to obtain a dismissal of this

26 lawsuit with prejudice.  The essential terms of the parties' intent and mutual agreement are

27 memorialized in the Agreement.  There can be no misunderstanding that the Final Award was

28 intended to be just that, a final determination of Plaintiff's damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-5487-2617.1

## **CONCLUSION**

The Stipulation on Agreement and the Agreement itself, reserves to this Court the right to enforce the terms of the Agreement. (Id. at 2:5-7). Accordingly, Defendant respectfully requests this Court to Order Plaintiff to sign the Release and Indemnity Agreement (attached hereto as Ex. E), the Stipulation and Order for Dismissal (attached hereto as Ex. G), and to provide a copy of the Medicare Affidavit form (attached hereto as Ex. D) which was previously provided for his signature so Defendant can issue a settlement draft including the proper payees on the draft.

DATED this _9_ day of December, 2015.

LEWIS BRISBOIS BISGAARD & SMITH LLP

Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
Pamela L. McGaha, Esq.
Nevada Bar No. 8181
6385 S. Rainbow Blvd.
Suite 600
Las Vegas, Nevada 89118
Attorney for Defendant
American Family Mutual Insurance Company

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-5487-2617.1

6

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the ___ day of December, 2015, I served a true and correct

copy of the foregoing **MOTION TO ENFORCE SETTLEMENT** by depositing a copy of same

in the United States Mail at Las Vegas, Nevada postage fully prepaid, addressed to:

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ___ day of _____, 2015, I electronically filed the

Motion to Enforce Settlement with the Clerk of the Court through Case Management/Electronic

Filing System.

Richard A. Harris, Esq.
801 S. 4th Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

Alison Brasier, Esq.
CLOWARD BRASIER HICKS
721 S. Sixth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff

_____
Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

4815-5487-2617.1

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "A"

## CONFIDENTIAL AND BINDING HIGH/LOW ARBITRATION AGREEMENT

### WHEREAS:

**A.     The Arbitration Agreement.** This Confidential and Binding High/Low Arbitration Agreement is sometimes referred to herein as "the Arbitration Agreement".

**B.     The Accident.** Plaintiff William Smith ("Smith" or "Plaintiff") alleges that he sustained personal injuries and other damages as a result of an automobile accident which occurred on February 17, 2007, when the vehicle he was driving was rear-ended by a 2002 Toyota Camry driven by Tanya Morro ("the Accident").

**C.     The Policies.** On the date of the Accident, Smith was the named insured under a policy of motor vehicle insurance issued by American Family Mutual Insurance Company ("AFMIC"), Policy No. 1165-9939-07-12-FPPA-NV (the "Policy"). The Policy included Underinsured Motorist ("UIM") coverage of $100,000/$300,000 and Medical Payments coverage in the amount of $5,000.00.

On the date of the Accident, the at fault driver, Tanya Morro, was insured under a policy of motor vehicle insurance issued by Mercury Insurance Company ("Mercury"), Claim No. 2007 0016 001200-87/AQ001200 with Bodily Injury liability limits of $15,000 (the "Tortfeasor's Policy").

**D.     The Prior Payment.** Mercury paid to Smith the $15,000 per person BI liability limits available under the Tortfeasor's Policy. Also, AMFIC paid $5,000.00 on behalf of Smith for payment of his medical bills, exhausting his Medical Payments coverage under the policy. Thus, Plaintiff has received a total of $20,000.00 as payment prior to the execution of this agreement  This payment shall be referred to as the "Prior Payment" and as set forth ahead, the Arbitration Finding shall be reduced by this Prior Payment pursuant to the mechanism set forth in Paragraph "2."

**E.     The UIM Claim.** Smith has asserted a claim for Underinsured Motorist benefits under the Policy (the "UIM Claim").

*Confidential and Binding*
*High/Low Arbitration Agreement*

___. *(William Smith)*

*4845-4145-4871.1*

F.    <u>The Lawsuit</u>.  On February 14, 2013, Smith filed a lawsuit in the Eighth Judicial District Court of Nevada, entitled *William Smith v. American Family Mutual Insurance Company*, Case No. A-13-676815-C, alleging a cause of action for Breach of Contract ("the Lawsuit").  On April 1, 2013, AFMIC removed the Lawsuit to the United States District Court for the District of Nevada, where it is pending as Case No. 2:13-cv-0551-JCM-NJK.

G.    <u>The Parties</u>.  Smith and AFMIC (hereafter the "Parties") enter into the Arbitration Agreement in order to provide for a mechanism for final and binding adjudication of the value of Smith's UIM Claim.  The parties further agree that upon completion of the arbitration, and in exchange for payment of any amount required pursuant to the Arbitration Agreement, Smith will dismiss the lawsuit with prejudice and execute a Confidential Release and Indemnity Agreement, thereby finally resolving all claims arising out of the Accident, the UIM Claim and the Lawsuit.

*NOW THEREFORE, IT IS AGREED:*

1.    <u>The Arbitration.</u>  The Parties agree to submit Smith's claim for personal injuries arising out of the Accident to a final and binding arbitration (the "Arbitration").  The sole issue to be adjudicated at the Arbitration will be the value of any personal injury damages determined by the Arbitrator to have resulted from the Accident, as the liability of the tortfeasor is not at issue.  The Arbitration will therefore not include any evidence or argument relating to liability.  The Arbitration will proceed pursuant to the following terms:

a.    The Parties shall immediately execute and file a Stipulation And Order For Private Binding Arbitration And To Stay Court Proceedings concerning the Lawsuit, in the form attached hereto as **Exhibit A.**

b.    The Arbitration will take place at a time, date, and place mutually convenient to and to be agreed upon by the Parties;

c.    Mr. Gregory T. Hafen will act as Arbitrator.

*Confidential and Binding*
*High/Low Arbitration Agreement*

*(William Smith)*

*4845-4145-4871.1*

    **d.**      The Arbitrator will be charged with deciding only the value of Smith's personal injuries and any wage loss related thereto as determined by the Arbitrator to have resulted from the Accident.

    **e.**      Neither counsel nor the parties herein shall communicate directly with the Arbitrator regarding the merits of the case, except in the presence of, or with reasonable notice to, all of the other parties.

    **f.**      The Arbitration shall be the sole means of resolving the dispute.  By entering the Arbitration Agreement, the parties knowingly and voluntarily waive their rights to a trial by jury and to any appeal;

    **g.**      The Arbitrator's decision shall be final and binding on the Parties;

    **h.**      The Parties shall not advise the Arbitrator of the Tortfeasor's policy, the limits of the Tortfeasor's policy, the AFMIC policy, the limits of the AFMIC policy, the Prior Payment, or of any of the terms of the Arbitration Agreement;

    **i.**      The parties agree that discovery may be conducted as follows:

        1.      Plaintiff providing signed HIPPA medical and employment authorizations to AFMIC's counsel.

        2.      Each party shall be entitled to propound 20 interrogatories, 20 requests to produce, and 20 requests for admissions.

        3.      The Parties may take the depositions of the Plaintiff, fact witnesses (including Plaintiff's treating physicians), and identified experts.

        4.      AFMIC shall be entitled to a records review and Independent Medical Examination.

    **j.**      The Parties' may introduce reports from expert witnesses in lieu of live testimony at the Arbitration hearing.

    **k.**      It is expressly agreed that Plaintiff's Health Care Providers and any experts retained in this matter will not be called to appear at the Arbitration

*Confidential and Binding*
*High/Low Arbitration Agreement*

*W̶S̶* *(William Smith)*

*4845-4145-4871.1*

Hearing, but their deposition testimony, records, and/or reports will be presented in lieu of live testimony.

l.      With respect to the medical records, medical bills and expert reports, and subject to the reservations set forth in subsection "m" below, the Parties stipulate (1) that the medical records, medical bills, and expert reports that have been disclosed in the Lawsuit or will subsequently be disclosed are authentic; i.e., that the medical records, bills, and reports are true and correct copies of records and reports generated on the dates reflected in the records and authored by the health care providers designated on the records; (2) that the records, bills, and reports themselves fall within the "[r]ecord of regularly conducted activity" exception to the hearsay rule (FRE 803(6)); and (3) that no further foundation shall be required for admissibility of the medical records, bills and reports;

m.      Subject to the stipulations set forth above, the Parties reserve their rights (1) to raise any hearsay objection for individual witness statements contained within the medical records and/or expert reports (i.e., hearsay within hearsay); (2) to challenge the admissibility of any record or expert report on relevance or other grounds, other than those grounds reflected in the stipulation set forth above; (3) to challenge the reasonableness and necessity of any of the medical care and treatment in the medical records and/or expert reports; (4) to challenge the reasonableness of the amount of any medical bills that have not been produced in the Lawsuit; (5) to challenge the reasonableness of the cost of any proposed future medical treatment (including any proposed future surgery); and (6) to challenge the causal connection between any of Smith's claimed damages, and/or related expenses, to the Accident;

n.      In deciding the damages to be determined pursuant to paragraph "d", the Arbitrator shall apply Nevada law.  The Arbitrator shall consider only the

*Confidential and Binding*
*High/Low Arbitration Agreement*

*(William Smith)*

*4845-4145-4871.1*

evidence and argument presented by counsel and shall not conduct any independent research or investigation in reaching his decision.

     **o.**     There shall be no award of punitive damages, attorneys' fees, costs, or interest. The Parties hereby forever waive and relinquish any claim of right to such items in consideration of the payment to be potentially made pursuant to Section 2 below;

     **p.**     The Arbitrator shall not award any party any amount of the Arbitrator's fees;

     **q.**     The Arbitrator shall enter a finding as follows: "Having considered the evidence and the arguments of counsel, I find the value of Plaintiff William Smith's damages to be $_____." This finding shall be signed by the Arbitrator and will be known as the "Arbitration Finding." The form to be provided to the Arbitrator is attached hereto as **Exhibit B.**

     **r.**     Upon entering the Arbitration Finding, the Arbitrator's duties shall be concluded.

     **2.**     **The New Payment.** Within thirty (30) days of the Arbitration Finding, AFMIC shall make payment to Smith and the Richard Harris Law Firm (the "New Payment"), as follows:

     **a.**     If the Arbitration finding is TWENTY THOUSAND DOLLARS ($20,000.00) or less, AFMIC will pay NOTHING to Smith;

     **b.**     If the Arbitration finding is over TWENTY THOUSAND DOLLARS ($20,000.00), but less than ONE HUNDRED AND TWENTY THOUSAND DOLLARS ($120,000.00), AFMIC will pay the amount of the award, less an offset of TWENTY THOUSAND DOLLARS ($20,000.00).

     **c.**     If the Arbitration finding is ONE HUNDRED AND TWENTY THOUSAND DOLLARS ($120,000.00) or greater, AFMIC will pay ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

*Confidential and Binding*
*High/Low Arbitration Agreement*

W$ *(William Smith)*

4845-4145-4871.1

In no event will AFMIC be required to pay Smith a New Payment of more than ONE HUNDRED THOUSAND DOLLARS ($100,000.00) in this matter.

3.    **Minimum Recovery.** Regardless of the final determination of damages, Plaintiff shall be entitled to keep all Prior Payment as his minimum recovery.

4.    **Dismissal With Prejudice of the Lawsuit.** Upon receipt of the New Payment, or if no New Payment is owed based on the Arbitration Finding then upon issuance of the Arbitration Finding, Smith and his attorneys shall execute a Stipulation and Order for Dismissal of the Lawsuit, With Prejudice, in the form attached hereto as **Exhibit C.**

5.    **Sole Recovery.** Smith understands and agrees that the Prior Payment and the New Payment, if any, constitute his only recovery from AFMIC for any and all actual or potential claims arising from the Accident, the Policy, the UIM Claim, and the Lawsuit. The execution of the Arbitration Agreement will not impair or affect any Party's rights to proceed with the Arbitration or to sue on the Arbitration Agreement to enforce any of its terms.

6.    **Release Following Arbitration.** In consideration of the Arbitration Agreement and the New Payment, and subject only to the right to pursue binding arbitration and recover the New Payment, if any, Smith hereby agrees that upon receipt of the New Payment, or if no New Payment is owed based on the Arbitration Finding then upon issuance of the Arbitration Finding, Smith and his attorneys shall execute the Confidential Release and Indemnity Agreement.

7.    **No Representations Made.** No representation of any kind concerning any subject has been made by or on behalf of AFMIC,  including its past and present employees, as well as its past, present and future parent and subsidiary companies, affiliates, predecessors, successors, assigns, spouses, officers, directors, agents, servants, employees, attorneys, legal representatives, heirs, executors, administrators,

*Confidential and Binding*                                    ꟿ *(William Smith)*
*High/Low Arbitration Agreement*

*4845-4145-4871.1*

beneficiaries, personal representatives, and insurers, which has in any way influenced Smith's decision to enter into the Arbitration Agreement.

8.    **Reliance on Own Counsel.** In entering into the Arbitration Agreement, Smith represents that he has relied upon the legal advice of an attorney, who is the attorney of his own choice, and that the terms of the Arbitration Agreement have been completely read and explained to him by that attorney, and that he fully understands and voluntarily accepts those terms.

9.    **Warranty.** Smith hereby warrants and covenants that he is over the legal age of majority in the State of Nevada, and in the State where the Arbitration Agreement is executed if other than Nevada.

10.    **Binding on Others.** Smith agrees to and does hereby bind himself, his attorneys, legal representatives, successors, heirs, administrators, executors, assigns, and personal representatives to the Arbitration Agreement and to each of its terms and conditions.

11.    **Execution of Documents.** Smith agrees to execute all documents and to do all things necessary to fully effectuate the terms of the Arbitration Agreement, including but not limited to Exhibits A, B, and C hereto.

12.    **Post-Execution Survival.** The representations, warranties, agreements, and promises made in the Arbitration Agreement shall survive the execution of the Arbitration Agreement.

13.    **Costs and Fees.** Each party to the Arbitration Agreement agrees to bear his/its own costs and attorneys' fees with respect to the Accident, the Policy, the UM Claim, the Lawsuit and the Arbitration, and with respect to the negotiation, drafting, and execution of the Arbitration Agreement.

14.    **Execution in Parts/Counterparts.** The Arbitration Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall be deemed one and the same instrument. The

*Confidential and Binding*                                                    *WS (William Smith)*
*High/Low Arbitration Agreement*

*4845-4145-4871.1*

Arbitration Agreement is not and shall not be effective, however, unless and until each party executes the original and/or a counterpart.

15. **Signatory Representations.** Each of the undersigned declares and represents that he or she is competent to execute this instrument, and that he or she is duly authorized, and has the full right and authority, to execute the Arbitration Agreement on behalf of the party for whom he or she is signing.

16. **Amendments, Modifications, Addendums and Revisions.** No amendment, modification, addendum, or revision of the Arbitration Agreement shall be valid unless it is in writing and signed by all of the Parties, in which event there need be no separate consideration therefore.

17. **Waiver.** No waiver or indulgence of any breach of the Arbitration Agreement shall be deemed or construed as a waiver of any other breach or of any other provision of the Arbitration Agreement, nor shall any such breach affect the enforceability of any part or all of the Arbitration Agreement. No party shall be deemed to have waived any portion of the Arbitration Agreement unless executed in writing by the waiving party.

18. **Satisfaction of Liens.** Smith hereby warrants, represents and covenants that he will satisfy any outstanding liens for health care or other services provided to Smith arising out of or in any way relating to the injuries he allegedly suffered arising from the Accident out of the New Payment. This provision includes liens that have been or may be or could have been asserted by any and all attorneys, health care providers, and/or health care insurers.

19. **Dismissal of the Lawsuits.** Smith agrees and acknowledges that a portion of the consideration received and promised under the Arbitration Agreement is in return for his agreement to execute the documents attached as Exhibits A, B, and C hereto in the manner and at the times agreed upon herein.

*Confidential and Binding*
*High/Low Arbitration Agreement*

*(William Smith)*

4845-4145-4871.1

20. **Assignment of Claims.** Smith represents, warrants, and agrees that he is the lawful owner of the right, title, and interest in and to every claim or matter to be released pursuant to the Accident, the Policy, the UM Claim, the Lawsuit and the Arbitration and has not assigned or transferred, nor purported to or attempted to assign or transfer, to any person or entity any claim or other matter released herein. Smith warrants that he will not in the future assign or transfer any claim or other matter released herein and will defend, indemnify, and hold AFMIC harmless from any and all claims arising out of or relating to any assignment or transfer, and/or any purported or attempted assignment or transfer contrary to the terms of this paragraph.

21. **Other Actions, Suits, Proceedings or Claims.** Smith and his attorneys agree that they have not and will not commence, maintain, initiate or prosecute, or cause, encourage, assist, advise, or cooperate with any other person or entity to commence, maintain, initiate or prosecute, any action, suit, proceeding, or claim before any court, administrative, or quasi-legal body or agency (whether state, federal, private, or otherwise), against AFMIC, or any of them, from, concerned with, or otherwise related to the Accident, the Policy, the UM Claim and the Claims Handling.

22. **Confidentiality Required.** It is expressly understood and acknowledged that a material condition of the Arbitration Agreement is that Smith and his attorneys keep the amount, existence, and terms of the Arbitration Agreement confidential, divulging the terms of the Arbitration Agreement only as required by law, or with the express, written permission of AFMIC. It is also expressly understood and acknowledged that a material condition of the Arbitration Agreement is that Smith and his attorneys keep the amount and existence of the Arbitration Finding and the New Payment, if any, confidential, divulging this information only as required by law, or with the express, written permission of AFMIC. It is, however, permissible to disclose information as is necessary for procurement of tax, legal, and/or financial advice, or as may otherwise be ordered by a court of competent jurisdiction or appropriate

*Confidential and Binding*
*High/Low Arbitration Agreement*                                            WS *(William Smith)*

Page 9 of 12

4845-4145-4871.1

governmental entity/agency. Smith may also disclose the terms of the Arbitration Agreement to lien holders and/or medical providers in order to resolve outstanding balances, but only if said lien holders and/or medical providers also agree to keep the amount, existence, and terms of the Arbitration Agreement and this settlement confidential.

23    **Laws of Nevada Apply.** The Parties understand and agree that the law of the State of Nevada governs the terms and enforceability of the Arbitration Agreement.

24    **Use of Titles.** The Parties understand and agree that the titles used in the Arbitration Agreement are for purposes of organization only, and are not to be considered as terms of the Arbitration Agreement, nor are they to be used in

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

*Confidential and Binding*
*High/Low Arbitration Agreement*

W♪ *(William Smith)*

4845-4145-4871.1

interpretation of the Arbitration Agreement or the intention of the Parties entering into

the Arbitration Agreement.

**I HAVE READ THE ARBITRATION AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT AND SIGN IT VOLUNTARILY.**

DATED this _____ day of ___JANUARY___ 2013.

_____
William Smith

STATE OF NEVADA                    )
                                   )ss.
COUNTY OF __Clark__                )

    BEFORE ME, a Notary Public, on this 28th day of January , 2013, personally appeared William Smith, known to me to be the person named herein, and who executed the foregoing "Confidential and Binding High/Low Arbitration Agreement", and who acknowledged that he voluntarily executed the same.

_____
NOTARY PUBLIC in and for said
COUNTY and STATE

APPROVED AS TO FORM AND CONTENT:
RICHARD HARRIS LAW FIRM

_____
Alison Brasier, Esq.
Nevada Bar No. 010522
Attorney for Plaintiff

> VICTORIA L. RICHTER
> Notary Public, State of Nevada
> Appointment No. 12-9087-1
> My Appt. Expires Oct 24, 2016

*(William Smith)*

**I HAVE READ THE ARBITRATION AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT AND SIGN IT VOLUNTARILY.**

DATED this 25th day of March, 2014.

_____
On behalf of American Mutual Insurance
Company

STATE OF NEVADA          )
                         )ss.
COUNTY OF Clark          )

     BEFORE ME, a Notary Public, on this 25th day of March, 2014 personally appeared Jake Kesey, known to me to be the person named herein, and who executed the foregoing "Confidential and Binding High/Low Arbitration Agreement", and who acknowledged that he or she voluntarily executed the same.

_____
NOTARY PUBLIC in and for said
COUNTY and STATE

KYLIE M. DAY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 1-1-2016
Certificate No: 08-8413-1

APPROVED AS TO FORM AND CONTENT:
LEWIS BRISBOIS BISGAARD & SMITH

_____
Robert W. Freeman
Nevada Bar No. 03062
Pamela L Mcgaha
Nevada Bar No. 08181
Attorneys for Defendant

_Confidential and Binding_
_High/Low Arbitration Agreement_

___ _(William Smith)_

Page 12 of 12

4845-4145-4871.1

**Freeman, Kristen**

| | |
|---|---|
| **From:** | Freeman, Kristen |
| **Sent:** | Tuesday, April 08, 2014 11:18 AM |
| **To:** | alison@richardharrislaw.com |
| **Subject:** | AmFam adv. Smith |
| **Attachments:** | fully executed arb agreement.pdf |

Hello Ms. Braiser.  Attached is the fully executed Binding Arbitration Agreement.

Have a great day.

Kristen



**Kristen Freeman**
Assistant to Robert W. Freeman, Esq.
Assistant to Pamela L. McGaha, Esq.
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
Email: kristen.freeman@lewisbrisbois.com
702.693.4363  (Direct)
702.893.3789  (Facsimile)

Please consider the environment before printing this e-mail. Conserve, Reduce, Re-use, Renew and Recycle!

NOTICE: This electronic message and its attachments contain information from Lewis Brisbois Bisgaard & Smith that are confidential work product and communication. The information is intended to be for the use of the addressee only. If you are not the addressee, do not read, distribute, or reproduce this transmission. Any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this message in error, please notify the sender immediately by return email or at (702) 893-3383. Thank you.

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "B"

30817-5178

CT

PL

Arbitration Matter between:

[Claiming Party] *William Smith*        Reference Number:

v.

[Responding Party] *American Family*

# STIPULATION FOR ARBITRATION AND SELECTION OF ARBITRATOR

It is stipulated and agreed by the Parties to submit all disputes, claims or controversies to neutral, binding arbitration at JAMS, pursuant to the JAMS Arbitration Administrative Policies and, unless otherwise agreed in writing by the parties, to the applicable JAMS Arbitration Rules and Procedures.

The Parties hereby agree to give up any rights they might possess to have this matter litigated in a court or jury trial.

Parties agree that *Floyd Hale* shall serve as Arbitrator in this matter and that no party may have *ex-parte* communications with the Arbitrator. Any necessary communication with the Arbitrator must be initiated through the case manager. Parties agree that service of all documents shall be made by regular US mail.

BY: _____        BY: _____

FOR: *Plaintiff*                    FOR: *American Family Insurance*

DATE: *4/3/15*                       DATE: *4/6/15*


BY: _____        BY: _____

FOR: _____       FOR: _____

DATE: _____      DATE: _____

**COMPLETION OF THIS SECTION IS REQUIRED FOR CLAIMS INITIATED IN CALIFORNIA**

A. **Please check here if this   [     ] IS   or   [     ] IS NOT   a CONSUMER ARBITRATION as defined by California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e):**

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below.  "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

    (1)   The contract is with a consumer party, as defined in these standards;

    (2)   The contract was drafted by or on behalf of the non-consumer party; and

    (3)   The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

    (1)   An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;

    (2)   An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;

    (3)   An individual with a medical malpractice claim that is subject to the arbitration agreement; or

    (4)   An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

**If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.**

B. **If this is an EMPLOYMENT matter, Claimant must complete the following information:**

Effective January 1, 2003, private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format.  In employment cases, this includes the amount of the employee's annual wage.  The employee's name will not appear in the database, but the employer's name will be published.  Please check the applicable box below:

Annual Salary:

    ___ Less than $100,000          ___ More than $250,000

    ___ $100,000 to $250,000       ___ Decline to State

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "C"

30817-5478
CT
DL

FLOYD A. HALE, Esq.
Arbitrator
Nevada Bar No. 18733800 Howard Hughes Pkwy, 11th Fl.
Las Vegas, NV 89169
email: fhale@floydhale.com
Ph: (702) 457-5267
Fax: (702) 437-5267

JAMS
Las Vegas, Nevada

| | |
|---|---|
| WILLIAM SMITH,    ) | |
| ) | Jams Ref. No. 1260003315 |
| Claimant,    ) | |
| ) | |
| vs.    ) | |
| ) | **FINAL ARBITRATION AWARD** |
| AMERICAN FAMILY MUTUAL    ) | |
| INSURANCE COMPANY,    ) | |
| ) | |
| Respondent.    ) | |

This personal injury action was arbitrated on May 12, 2015. Counsel for the parties have requested that a brief Finding and Award be entered without a narrative Arbitration Decision. The parties did stipulate that the Arbitrator could consider the Arbitration Briefs and exhibits submitted prior to the Arbitration Hearing. In addition to the briefs and exhibits, William J. Smith testified at the Arbitration Hearing.

I FIND that based upon the medical information and testimony provided, particularly the November 20, 2009, report of Reynold L. Rimoldi, M.D., and the October 24, 2012, supplemental report of Patrick J. Brandner, M.D., that the hip replacement surgery performed on William Smith was not directly caused by the February 17, 2007, motor vehicle accident. I also FIND that based upon the medical records referenced, that the hip replacement surgery was accelerated to an earlier

date, with related pain and suffering, due and to the February 17, 2007 accident.

## AWARD

I award William J. Smith the following medical expenses and pain and suffering:

Medical expenses:

| | |
|---|---:|
| Spinal Rehabilitation Centers | $1,845.00 |
| Compass Centers | 461.00 |
| Strehlow Radiology Consulting | 85.00 |
| Nevada Imaging Centers | 1,410.75 |
| Advanced Pain Consultants | 575.00 |
| Total Medical Damages Awarded | $4,376.75 |
| Pain and Suffering for Accelerated Hip Replacement surgery | $50,000.00 |

**TOTAL AWARD**     $54,376.75

DATED:  May 13, 2015.

By: _____
FLOYD A. HALE
Arbitrator
3800 Howard Hughes Pkwy. 11th Fl.
Las Vegas, NV 89169

CERTIFICATE OF SERVICE BY EMAIL

I hereby certify that on the 13th day of May , I emailed a true and correct copy of the foregoing, addressed to:

Alison Brasier, Esq.
Cloward Hicks & Brasier, PLLC
721 S. 6th St.
Las Vegas, NV 89101
Abrasier@chblawyers.com
Attorneys for Claimant

Pamela McGaha, Esq.
Lewis Brisbois Bisgaard & Smith
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
Pamela.McGaha@lewisbrisbois.com
Attorneys for Respondent

By: _____
Employee of JAMS

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "D"

MEDICARE AFFIDAVIT

STATE OF NEVADA          )
                         ) ss
COUNTY OF CLARK          )


<u>William Smith</u>, after being duly sworn under oath, deposes and says:

1.  That I am the Plaintiff in this lawsuit against American Family Mutual Insurance Company, filed in United States District Court assigned case number 2:13-cv-0551-JAD-NJK.

2.  That I _____ am _____ am not (check one) currently eligible for Medicare benefits.

3.  That I _____am _____am not (check one) currently receiving Medicare benefits.

4.  That none of the medical expenses for which I was awarded compensation per the binding arbitration award for this matter was paid for by Medicare.

5.  That I am no longer receiving medical treatment or plan to in the future related to the subject incident.

6.  Medicare _____ has _____ has not (check one) asserted a lien to recover proceeds through any settlement of this case/claim.

7.  That I will satisfy any Medicare Lien from the settlement proceeds.

8.  That I agree to notify AMERICAN FAMILY MUTUAL INSURANCE COMPANY should any of the above information change.


_____
WILLIAM SMITH


SUBSCRIBED and SWORN to before me on
this _____ day of _____, 2015.


_____
Notary Public, in and for said
County and State

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "E"

## RELEASE AND INDEMNITY AGREEMENT

### for WILLIAM J. SMITH

WHEREAS:

A.    **The Release Agreement**.  This Release and Indemnity Agreement is sometimes referred to herein as "this Agreement."

B.    **The Accident**.  Plaintiff William Smith ("Smith" or "Plaintiff") alleges that he sustained personal injuries and other damages as a result of an automobile accident which occurred on February 17, 2007 when a vehicle driven by Tanya Morro (the "Tortfeasor") rear-ended Plaintiff's vehicle ("the Accident").

C.    **The Policy**.  On the date of the Accident, Smith was the named insured under a policy of motor vehicle insurance issued by American Family Mutual Insurance Company ("American Family"), Policy No. 1165-9939-07-FPPA-NV (the "Policy").  The Policy included Underinsured Motorist ("UIM") coverage of $100,000/$300,000.   On the date of the Accident, the Tortfeasor was insured under a policy of motor vehicle insurance issued by Mercury Insurance with Bodily Injury liability limits of $15,000 (the "Tortfeasor's Policy").

E.    **The Prior Payments**.  Mercury paid to Smith the Fifteen Thousand and No/100 Dollars ($15,000.00) per person Bodily Injury liability limits available under the Tortfeasor's Policy.  American Family paid $5,000.00 in benefits under the Medical Payments coverage of the Policy.  These payments shall be referred to as the "Prior Payments".  Thus, Plaintiff has received a total of $20,000.00 in Prior Payments prior to payment of the amount of Thirty-Four Thousand Three Hundred Seventy-Six and 75/100 Dollars ($34,376.75).

D.    **The UIM Claim**.  Plaintiff has asserted a claim for UIM benefits under the Policy (the "UIM Claim").

E.    **The Lawsuit**.  On February 14, 2013, Smith filed a lawsuit in the Eighth Judicial District Court of Nevada, entitled *William Smith v. American Family Mutual Insurance Company*, Case No. A-13-676815-C, alleging causes of action for Breach of Contract (the

"Lawsuit"). On April 1, 2013, AFMIC removed the Lawsuit to the United States District Court for the District of Nevada, where it is pending as Case No. 2:13-cv-0551-JCM-NJK.

F.    **The Settlement**.    Smith and American Family intend by this Agreement to resolve any and all actual and potential claims arising out of the Accident, the Policy, the UIM Claim, and the Lawsuit as memorialized herein.

*NOW THEREFORE, IT IS AGREED:*

1.    **The New Payment.**  American Family agrees to pay the sum of Thirty-Four Thousand Three Hundred Seventy-Six and 75/100 Dollars ($34,376.75) to "William Smith and Richard Harris Law Firm" (the "New Payment").

2.    **Conditions Precedent.** As conditions precedent to the Payment, (1) Smith must execute this Agreement and (2) Smith must dismiss the Lawsuit with prejudice, with each party to bear its own fees and costs.

3.    **Sole Recovery.**  Smith understands and agrees that the Prior Payment and the New Payment shall constitute his only recovery from American Family for any and all actual or potential claims arising from the Accident, the Policy, the UIM Claim, and the Lawsuit

4.    **The Release.**  Smith hereby waives, releases, and forever discharges any and all actual or potential claims against the persons and entities named in Subsection "a" below arising out of the Accident, the Policy, and the UIM Claim which were or could have been alleged in the Lawsuit:

a.    **Persons/Entities Released.**  The following persons and entities are released: American Family, including its past and present employees, as well as its past, present and future parent and subsidiary companies, affiliates, predecessors, successors, assigns, spouses, officers, directors, agents, servants, employees, attorneys, legal representatives, heirs, executors, administrators, beneficiaries, personal representatives, and insurers (the "Releasees").

b.      **Claims Released.**  Releasees are hereby released and discharged fully and completely from and against any and all liability, rights, claims, demands, actions, judgments, and/or causes of action, in law or in equity, statutory or common law, contractual or extra-contractual, known or unknown, past present or future, claimed or unclaimed, direct or indirect, fixed or contingent, liquidated or uncertain, latent or patent, of any kind whatsoever, arising out of or in any way relating to the Accident, the Policy, and the UIM Claim whether such claims seek:

i)      Bodily injury, personal injury, wrongful death, property, compensatory, emotional, consequential, pecuniary, general, special, economic, hedonic, punitive, or exemplary damages;

ii)      Attorneys' fees, costs, or prejudgment or post-judgment interest; or

iii)      Any other measure or theory of damages actually or allegedly recoverable under law or equity, whether or not actually alleged in the Lawsuit, arising out of the Accident, the Policy, and the UIM Claim.

c.      **Claims Not Released.**  No Party releases any right provided under this Agreement, or the right to sue to enforce this Agreement or any of its terms.

5.      **Future and Unknown Claims Released.**  There may arise in the future injuries or damages of which Smith is not presently aware, and Smith intends to release the Releasees as to all rights in any way connected with any such injuries or damages which may become known in the future arising out of the Accident, the Policy, and the UIM Claim. Part of the New Payment is made to compensate Smith for any injury or damages which may become known in the future.

6.      **Denial of Liability.**  Smith understands and agrees that neither the New Payment nor the execution of this Agreement constitutes an admission of liability on the part of American Family; that the Prior Payment and New Payment are made in

compromise and full settlement of disputed claims; and that the Releasees expressly deny any and all liability.

7.    <u>No Representations Made</u>.  No representation of any kind concerning any subject has been made by or on behalf of any of the Releasees which has in any way influenced Smith's decision to enter into this Agreement.

8.    <u>Reliance on Own Counsel.</u>  In entering into this Agreement, Smith represents that he has relied upon the legal advice of an attorney, who is the attorney of his own choice, that the terms of this Agreement have been completely read and explained to him by that attorney, and that he fully understands and voluntarily accepts those terms.

9.    <u>Warranty.</u>  Smith hereby warrants and covenants that he is over the legal age of majority in the State of Nevada and in the State where this Agreement is executed if other than Nevada.

10.    <u>Binding on Others.</u>  Smith agrees to and does hereby bind himself and his attorneys, legal representatives, successors, heirs, administrators, executors, assigns, and personal representatives to this Agreement and to each of its terms and conditions.

11.    <u>Execution of Documents</u>.  Smith agrees to execute all documents and to do all things necessary to fully effectuate the terms of this Agreement.

12.    <u>Post-Execution Survival.</u>  The representations, warranties, agreements, and promises made in this Agreement shall survive the execution of this Agreement.

13.    <u>Costs and Fees.</u>  Each party to this Agreement agrees to bear his/its own costs and attorneys' fees with respect to the Accident, the Policy, the UIM Claim, and the Lawsuit, and with respect to the negotiation, drafting, and execution of this Agreement.

14.    <u>Execution in Parts/Counterparts.</u>  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall be deemed one and the same instrument.  This Agreement is not and shall

not be effective, however, unless and until each party executes the original and/or a counterpart.

15.    <u>Signatory Representations.</u>  Each of the undersigned declares and represents that he/she is competent to execute this instrument and that he/she is duly authorized and has the full right and authority to execute this Agreement on behalf of the party for whom he/she is signing.

16.    <u>Amendments, Modifications, Addendums, and Revisions.</u>  No amendment, modification, addendum, or revision of this Agreement shall be valid unless it is in writing and signed by all of the Parties, in which event there need be no separate consideration therefore.

17.    <u>Waiver.</u>  No waiver or indulgence of any breach of this Agreement shall be deemed or construed as a waiver of any other breach or of any other provision of this Agreement, nor shall any such breach affect the enforceability of any part or all of this Agreement.  No party shall be deemed to have waived any portion of this Agreement unless executed in writing by the waiving party.

18.    <u>Satisfaction of Liens.</u>  Smith hereby warrants, represents, and covenants that any outstanding liens for health care or other services provided to Smith arising out of or in any way relating to the injuries he allegedly suffered arising from the Accident, the Policy, the UIM Claim, and the Claims Handling will be satisfied by Smith out of the New Payment. This provision includes liens that have been or may be or could have been asserted by any and all attorneys, health care providers, and/or health care insurers.

19.    <u>Agreement to Indemnify Against Liens.</u>  In further exchange for the execution of this Agreement and the New Payment:

a.    Smith hereby covenants and agrees to defend, hold harmless, and indemnify American Family from any and all further, additional, or future liability, loss, damages, or expenses (including attorneys' fees) incurred because of any legal action or

threat of legal action which Smith might bring or which might be brought on Smith's behalf and/or brought by creditors or lienholders as a result of the expenses which Smith incurred as a result of the Accident, the Policy, and the UIM Claim. This provision includes liens that have been or may be asserted by any and all attorneys, health care providers, and/or health care insurers.

        **b.**    Releasees shall have the sole and exclusive right to select counsel and to control the defense of such action, and Smith shall be obligated to pay for the reasonable costs of such defense and to pay any judgment entered against Releasees or reasonable settlement reached by Releasees with respect to such claims.

20.   **Medicare's Interests.**  It is not the purpose of this Agreement to shift responsibility of medical care in this matter to the Medicare program. Instead, this settlement is intended to resolve a dispute between the Plaintiff and the Defendant.

(A)   **Conditional Payments**

    1.   *Not a Medicare Recipient for Medical Expenses Paid for by New Payment:* Because no part of the New Payment issued to Plaintiff is to compensate Plaintiff for any medical expenses related to medical treatment paid for by Medicare, no conditional payments have been made by Medicare.

(B)   **Future Medicals**

    1.   *No Future Medicals Warranted:* This claim does not meet Medicare's current review thresholds as described in the July 11, 2005 and April 24, 2006 Medicare Policy Memoranda. As such, this claim does not require review and/or approval from CMS. If the claim had met the review thresholds, a submission would have been made for a $0.00 allocation for future care

based on ((a) the disputed nature of the claim, or (b) the lack of anticipated medical care).

21.    <u>Agreement to Indemnify Against Actions Brought by Medicare or Other Governmental Entities.</u>  Smith will defend, hold harmless, and indemnify the Releasees from any and all further, additional, or future liability, loss, damages, or expenses, including attorneys' fees, incurred because of any legal action or threat of legal action which Medicare, Medicaid, or any other governmental agency might bring with respect to any claim to reimbursement for any benefits actually or purportedly paid in connection with the Accident.  Releasees shall have the sole and exclusive right to select counsel and to control the defense of such action, and Smith shall be obligated to pay for the reasonable costs of such defense and to pay any judgment entered against Releasees or reasonable settlement reached by Releasees with respect to such claims.

22.    <u>Assignment of Claims.</u>  Smith represents, warrants, and agrees that he is the lawful owner of the right, title, and interest in and to every claim or matter released herein and has not assigned or transferred, nor purported to or attempted to assign or transfer, to any person or entity any claim or other matter released herein.  Smith warrants that he will not in the future assign or transfer any claim or other matter released herein and will defend, indemnify, and hold American Family harmless from any and all claims arising out of or relating to any assignment or transfer and/or any purported or attempted assignment or transfer contrary to the terms of this paragraph.

22.    <u>Other Actions, Suits, Proceedings, or Claims.</u>  Smith and his attorneys agree that they have not and will not commence, maintain, initiate, prosecute, or cause, encourage, assist, advise, or cooperate with any other person or entity to commence, maintain, initiate, or prosecute any action, suit, proceeding, or claim before any court, administrative, or quasi-legal body or agency (whether state, federal, private, or otherwise)

against American Family, or any of them, from, concerned with, or otherwise related to the Accident, the Policy, or the UIM Claim.

     23.   <u>Laws of Nevada Apply.</u>  The Parties understand and agree that the law of the State of Nevada governs the terms and enforceability of this Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

24.    <u>Use of Titles.</u>  The Parties understand and agree that the titles used in this Agreement are for purposes of organization only, and are not to be considered as terms of this Agreement, nor are they to be used in interpretation of this Agreement or the intention of the Parties entering into this Agreement.

**I HAVE READ THE AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT AND SIGN IT VOLUNTARILY.**

DATED this _____ day of _____, 2015.

_____
William J. Smith

STATE OF NEVADA        )
                       )ss.
COUNTY OF              )

        BEFORE ME, a Notary Public, on this ___ day of _____, 2015, personally appeared William J. Smith, known to me to be the person named herein, and who executed the foregoing "Release and Indemnity Agreement," and who acknowledged that he voluntarily executed the same.

_____
NOTARY PUBLIC in and for said
COUNTY and STATE

APPROVED AS TO FORM AND CONTENT:

RICHARD HARRIS LAW FIRM

_____
Richard Harris, Esq.
Nevada Bar No. 505
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff William J. Smith*

CLOWARD HICKS & BRASIER, PLLC

_____
Alison Brasier, Esq.
Nevada Bar No. 10522
721 S. 6th Street
Las Vegas, NV  89101
*Attorneys for Plaintiff William J. Smith*

*4819-6653-8020.1 Release and Indemnity Agreement*

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "F"

# LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
www.lewisbrisbois.com

**ROBERT W. FREEMAN**
DIRECT DIAL: 702.693.1712
ROBERT.FREEMAN@LEWISBRISBOIS.COM

August 31, 2015

File No.
30817.5478

*request for
medicare affidavit*

**PAMELA L. McGAHA**
DIRECT DIAL: 702.693.1706
PAMELA.McGAHA@LEWISBRISBOIS.COM

## VIA FACSIMILE and E-MAIL

Alison M. Brasier, Esq.
CLOWARD HICKS & BRASIER, PLLC
721 S. 6TH STREET
Las Vegas, Nevada 89101

Re:     *AmFam adv. William J. Smith*
          Date of Loss: February 17, 2007

Dear Ms. Brasier:

As you know, we have made multiple attempts to obtain the signed Medicare Affidavit from your client without success. Pursuant to our recent phone call, we understand your client has not yet executed the Medicare Affidavit. Given the complexity of your client's case, American Family requires confirmation from him that Medicare has no recovery right to any of the proceeds he will receive pursuant to the arbitration award. American Family is waiting for confirmation of this status before it is able to issue the settlement draft. Please advise your client that without his cooperation, American Family may be required to file a motion to enforce the terms of the Binding Arbitration Agreement so it can issue payment to your client in exchange for a Release and Indemnification Agreement and Stipulation to dismiss the lawsuit executed by your client, per the terms of the Binding Arbitration Agreement.

If we do not receive the executed Medicare Affidavit by **September 10, 2015**, or other sufficient assurance that your client will cooperate in providing executed settlement documents, we will assume the only means of finalizing this matter is to file a motion to enforce the terms of the Binding Arbitration Agreement. If we are required to file such motion, we will also seek to recover fees and costs as a result of needing to file the motion.

---

ALBUQUERQUE • ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORT LAUDERDALE • HOUSTON • LA QUINTA
LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY • NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX
PORTLAND • PROVIDENCE • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON • WICHITA

August 31, 2015
Page 2


      Thank you for your time and attention to this matter.

                        Very truly yours,

                        Robert W. Freeman of
                        Pamela L. McGaha of
                        LEWIS BRISBOIS BISGAARD & SMITH LLP

RWF:PLM/kf

4828-2218-7815.1

```
                    **********************
                    ***   TX REPORT   ***
                    **********************


     TRANSMISSION OK

     TX/RX NO              3116
     RECIPIENT ADDRESS     7029604118
     DESTINATION ID
     ST. TIME              08/31 13:31
     TIME USE              01'20
     PAGES SENT               2
     RESULT                OK
```

# LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Fax: 702.893.3789
www.lewisbrisbois.com

**ROBERT W. FREEMAN**
DIRECT DIAL: 702.693.1712
ROBERT.FREEMAN@LEWISBRISBOIS.COM

**PAMELA L. McGAHA**
DIRECT DIAL: 702.693.1706
PAMELA.McGAHA@LEWISBRISBOIS.COM

August 31, 2015

File No.
30817.5478

**VIA FACSIMILE and E-MAIL**

Alison M. Brasier, Esq.
CLOWARD HICKS & BRASIER, PLLC
721 S. 6TH STREET
Las Vegas, Nevada 89101

  Re: *AmFam adv. William J. Smith*
    Date of Loss: February 17, 2007

Dear Ms. Brasier:

  As you know, we have made multiple attempts to obtain the signed Medicare Affidavit from your client without success. Pursuant to our recent phone call, we understand your client has not yet executed the Medicare Affidavit. Given the complexity of your client's case, American Family requires confirmation from him that Medicare has no recovery right to any of the proceeds he will receive pursuant to the arbitration award. American Family is waiting for confirmation of this status before it is able to issue the settlement draft. Please advise your client that without his cooperation, American Family may be required to file a motion to enforce the terms of the Binding Arbitration Agreement so it can issue payment to your client in exchange for a Release and Indemnification Agreement and Stipulation to dismiss the lawsuit executed by your client, per the terms of

DEFENDANT AMERICAN FAMILY MUTUAL
INSURANCE COMPANY'S MOTION TO
ENFORCE SETTLEMENT

EXHIBIT "G"

1  ROBERT W. FREEMAN
   Nevada Bar No. 3062
2  PAMELA L. MCGAHA
   Nevada Bar No. 8181
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   702.893.3383
5  FAX: 702.893.3789
       Attorneys for Defendant
6      American Family Mutual Insurance Company

7              UNITED STATES DISTRICT COURT

8                  DISTRICT OF NEVADA

9                          ***

10 WILLIAM J. SMITH,                    CASE NO: 2:13-cv-0551-JAD-NJK

11         Plaintiff,                   STIPULATION AND ORDER FOR
                                        DISMISSAL WITH PREJUDICE
12     vs.

13 AMERICAN FAMILY MUTUAL
   INSURANCE COMPANY; DOES 1 though
14 10, inclusive,

15         Defendants.

16

17     IT IS HEREBY STIPULATED, by and among Plaintiff WILLIAM J. SMITH and

18 Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY, by and through their

19 respective counsel of record, that all of the claims and causes of action against

20 Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY In the above-entitled

21 action shall be dismissed, with prejudice, each party to bear their own attorneys fees and

22 costs.

23 ...

24 ...

25 ...

26 ...

27 ...

28 ...

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-4732-5220.1

1    IT IS FURTHER STIPULATED AND AGREED that the parties may obtain, if

2  applicable, the return of their jury demand fees previously submitted to the Court.

3  DATED this ____ day of July, 2015.       DATED this ____ day of July, 2015.

4  LEWIS BRISBOIS BISGAARD & SMITH       RICHARD HARRIS LAW FIRM

5

6  _____       _____
   Robert W. Freeman, Jr., Esq.           Richard Harris, Esq.
7  Nevada Bar No. 3062                    Nevada Bar No. 505
   Pamela L. McGaha, Esq.                 721 South 6th Street
8  Nevada Bar No. 8181                    Las Vegas, Nevada 89101
   6385 S. Rainbow Blvd., Suite 600       *Attorneys for Plaintiff*
9  Attorney for Defendant                 *WILLIAM J. SMITH*
   *American Family Mutual Insurance*
10 *Company*

11                                        CLOWARD HICKS & BRASIER, PLLC

12

13                                        _____
                                          Alison Brasier, Esq.
14                                        Nevada Bar No. 10522
                                          721 S. 6th Street
15                                        Las Vegas, NV 89101
                                          *Attorneys for Plaintiff William J. Smith*

16    IT SO ORDERED.

17     DATED this ____ day of _____, 2015.

18

19

20                                        _____
                                          UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4820-4732-5220.1                          2